IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HERBALIFE INTERNATIONAL, INC.,

    Plaintiff,

v.                                          Civil Action No. 5:05CV41
                                                        (STAMP)

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
ROYAL INSURANCE COMPANY OF AMERICA,
ROYAL & SUNALLIANCE USA, INC.,
AIU INSURANCE COMPANY,
CINCINNATI INSURANCE COMPANY,
N&D ENTERPRISES, INC.,
DIANA MEY, individually and, purportedly, on
behalf of a class of all persons and entities
similarly situated, NANCY WILLIS and DANA KNAPP,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF
HERBALIFE INTERNATIONAL, INC.'S
MOTION TO REMAND**

I.  Procedural History

Plaintiff, Herbalife International, Inc., commenced this action by filing a complaint in the Circuit Court of Ohio County, West Virginia, on February 23, 2005, against the defendants, National Union Fire insurance Company of Pittsburgh, PA ("National Union"), a Pennsylvania corporation with its principal place of business in New York, St. Paul Fire and Marine Insurance Company ("St. Paul"), a Minnesota corporation with its principal place of business in Minnesota, Royal Indemnity Company, as successor in interest to Royal Insurance Company of America ("Royal"), a Delaware corporation with its principal place of business in North

Carolina, Royal & SunAlliance USA, Inc. ("Royal/SunAlliance"), a Delaware corporation with its principal place of business in North Carolina, AIU Insurance Company ("AIU"), a New York corporation with its principal place of business in New York, Cincinnati Insurance Company, an Ohio corporation with its principal place of business in Fairmont, Ohio ("Cincinnati"), N&D Enterprises, Inc., an Ohio corporation with its principal place of business in Ohio, Nancy Willis ("Willis") and Dana Knapp ("Knapp")(N&D Enterprises, Willis and Knapp are herein referred to collectively as "N&D parties"), citizens of the State of Ohio, and Diana Mey ("Mey"), a citizen of the State of West Virginia, seeking declaratory relief under West Virginia state law. Plaintiff further seeks damages for breach of contract and bad faith claims pursuant to West Virginia Code § 33-11-1, <u>et seq</u>. Thereafter, National Union, with the consent of St. Paul, Royal, Royal/SunAlliance, AIU and Cincinnati removed the case to this Court pursuant to 28 U.S.C. § 1332.

On April 25, 2005, the plaintiff filed a motion to remand. Mey filed a motion for joinder in the motion for remand. St. Paul, National Union, Royal, Royal/SunAlliance and Cincinnati responded and plaintiff replied. On May 2, 2005, plaintiff voluntarily dismissed without prejudice Royal/SunAlliance.

This Court has reviewed the parties' memoranda and applicable law and finds that diversity of citizenship exists and all proper

defendants consented to the removal. Accordingly, the plaintiff's motion to remand is denied.

## II. Facts

In July 2003, Mey filed a class action complaint in the Circuit Court of Ohio County, West Virginia, against the plaintiff, Thomas Stiles, Pamela Stiles, Willis and Knapp alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.[1] (Compl. Ex. A.)[2] The 2003 complaint alleges that the plaintiff was part of a joint venture with Thomas and Pamela Stiles and/or Willis and Knapp to sell and promote the plaintiff's products by using pre-recorded telemarketing messages. The plaintiff alleges that it is covered under a general liability insurance policy by Cincinnati, which was issued to N&D Enterprises. N&D Enterprises is the entity through which Willis and Knapp conducted their business.

The plaintiff placed its insurers on notice of the 2003 complaint filed by Mey. To date, the insurers of Herbalife,

---

[1] Mey v. Herbalife International, Inc., et al., Civil Action No. 01-C-263M. In August 2003, this case was removed to this Court and assigned Civil Action No. 5:03CV118. After full briefing of plaintiff's motion to remand, this Court remanded this civil action to the Circuit Court of Ohio County, West Virginia. This Court denied as moot, but without prejudice, Mey's motion for class certification.

[2] The notice of removal contains two exhibits labeled "Exhibit A." The first Exhibit A is a consent to removal. The second Exhibit A is the exhibit to the original complaint filed in the Circuit Court of Ohio County. This Court will refer to this as Complaint Exhibit A.

National Union, Royal, Royal/SunAlliance, AIU and Cincinnati have not defended and/or indemnified the plaintiff in the Mey civil action. Defendant St. Paul agreed to provide the plaintiff a defense in the Mey civil action. The plaintiff alleges that St. Paul has defended Herbalife under a full reservation of rights and disputes any coverage obligation. (Pl.'s Mot. to Remand at 3.)

In February 2005, the plaintiff filed a declaratory judgment action in the Circuit Court of Ohio County, West Virginia seeking indemnification under the insurance policies issued by St. Paul, National Union, Royal, Royal/Sun Alliance, Cincinnati and/or AIU and alleging breach of contract and bad faith refusal to pay insurance benefits. Further, the plaintiff contends that the N&D parties are co-defendants because they have an interest in the determination of coverage under the Cincinnati policy. This civil action was removed to this Court pursuant to 28 U.S.C. § 1331.

### III. Applicable Law

Title 28, United States Code, Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Moreover, 28 U.S.C. § 1441(b) states, in pertinent part, that actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

It should also be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Thus, in diversity cases, the burden of negating the possibility that diversity of citizenship does not exist lies with the party seeking to invoke removal jurisdiction. See McGovern v. American Airlines, 511 F.3d 653, 654 (5th Cir. 1975). If a party challenges the allegation of jurisdictional facts, the party invoking diversity jurisdiction has the burden of supporting its allegations with competent proof. Thomson v. Gaskill, 315 U.S. 442 (1942). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See Mulcahey, 29 F.3d at 151.

## IV. Discussion

The plaintiff contends in its motion to remand that: (1) the N&D parties did not join in the notice of removal or indicate their consent to removal within the 30-day time limit; and (2) if the N&D parties were realigned as plaintiffs, there is not complete diversity between the plaintiffs and defendants and this Court would lack subject matter jurisdiction over the parties.

Mey filed a motion to join in the plaintiff's motion to remand. Mey argues that neither she nor her counsel were contacted to provide consent to the notice of removal and she does not consent to this removal because it is improper.

In response, St. Paul, National Union, Royal, Royal/SunAlliance, AIU and Cincinnati argue that the N&D parties and Mey, who did not consent to removal, were unnecessary parties against whom the plaintiff does not assert a claim for relief. Specifically, St. Paul, National Union, Royal, Royal/SunAlliance, AIU and Cincinnati assert that: (1) the N&D parties should be dismissed, not realigned; and (2) Mey is a nominal party and if realignment is necessary in this case, it is only with respect to her and not to the N&D parties.

A. <u>Declaratory Judgment</u>

The Declaratory Judgment Act, 28 U.S.C. § 2201, grants district courts the discretionary power to entertain declaratory judgment actions. <u>First Nationwide Mortgage Corp. v. FISI Madison, Inc.</u>, 219 F. Supp. 2d 669, 672 (D. Md. 2002). National Union, St. Paul, Royal, AIU and Cincinnati argue that even though the plaintiff originally filed this action for declaratory judgment under West Virginia state law, upon removal to this Court, the federal Declaratory Judgment Act will apply. <u>Id.</u> at n.1.

This Court finds that the federal Declaratory Judgment Act will govern this civil action. "Federal courts sitting in diversity apply state substantive law and federal procedural law." <u>Id.</u> (citing <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938).

"The Declaratory Judgment Act is a procedural statute and creates no substantive rights." See e.g. <u>id.</u>; <u>Bourazak v. North</u>

River Ins. Co., 379 F.2d 530, 533 (7th Cir. 1967)("The Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights." (citing Walker Process Equip., Inc. v. FMC Corp., 356 F.2d 449, 451 (7th Cir. 1966)). Therefore, the federal Declaratory Judgment Act shall apply to this civil action.

B.  Fraudulent Joinder

"To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)(quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).  A claim of fraudulent joinder places a heavy burden on the defendant. See Marshall, 6 F.3d at 232.  "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor.  A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted).  "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426 (emphasis added).  Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate

by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged <u>any possible</u> claim against the co-defendant. A non-diverse party named in the state court action may be disregarded for determining diversity of citizenship when the party's joinder is fraudulent. <u>Morris v. Princess Cruises</u>, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001); <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998).

If this Court finds that there is no fraudulent joinder, it must then determine if there is diversity of citizenship. When determining whether diversity exists in a civil action removed from state court, the district court has discretion to realign the parties according to their real interests. <u>Glenmede Trust Co. v. Dow Chemical Co.</u>, 384 F. Supp. 423, 427 (E.D. Pa. 1974).

1. <u>N&D Parties</u>

In the complaint, plaintiff states that "N&D Enterprises, Inc., Willis, and Knapp would more properly be referenced as Plaintiffs, along with Plaintiff Herbalife, in that they uniformly and contemporaneously seek coverage in the form of a defense and indemnity from Cincinnati . . . ." (Compl. ¶ 37.) Accordingly, plaintiff argues that, if the N&D parties are realigned as plaintiffs, complete diversity would not exist. The defendants, St. Paul, National Union, Royal, AIU and Cincinnati argue that the N&D parties are unnecessary parties because the plaintiff has no

8

claim against them relative to the remedies available under the Declaratory Judgment Act, 28 U.S.C. § 2201.

The plaintiff argues that there is a cause of action against the N&D parties because if Herbalife's claim is successful it "may" limit the N&D parties' ability to recover under the same policy. (Pl.'s Mot. to Remand at 7.) The plaintiff does not provide any authority that this is a claim for relief.

This Court finds that the N&D parties were fraudulently joined because plaintiff has no cause of action against them pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. <u>See generally supra</u> Part IV.A. The plaintiff seeks indemnification and damages for bad faith denial of insurance coverage and breach of contract claims. This Court finds that there is no relief that the plaintiff can obtain from the N&D parties.

    a.   <u>Declaratory Relief</u>

As St. Paul, National Union, Royal, Royal/SunAlliance, Cincinnati and AIU state: "[T]he Constitution limits the jurisdiction of the federal courts to actual cases and controversies. U.S. Const., art. III, § 2. To satisfy the case or controversy requirement of Article III, a plaintiff must have suffered some actual injury that can be remedied or redressed by a favorable judicial decision." <u>National Advertising Co. v. City of Ft. Lauderdale</u>, 934 F.2d 283, 285-286 (11th Cir. 1991).

> Once an independent basis of jurisdiction, such as diversity or federal cause of action, has been

> established in a suit for declaratory relief, the further jurisdictional question then arises as to whether or not the suit presents 'a case of actual controversy' within the meaning of the Declaratory Judgment Act. If no actual controversy is presented, the Court must then dismiss for want of jurisdiction since the judicial power of the United States depends on the existence of a case or controversy. U.S. Const. art. III, § 2.

Rashid v. United States, 2001 U.S. Dist. LEXIS 25414, at *4 (S.D. W. Va. Nov. 2, 2001)(quoting Smith v. DCA Food Indus., Inc., 269 F. Supp. 863, 868 (D. Md. 1967). "For a matter to come within the jurisdiction of the court under the Declaratory Judgment Act, it must involve an actual controversy between the parties before the court admitting of specific relief through a decree of a conclusive character." Id. (quoting Smith v. Blackwell, 115 F.2d 186, 188 (4th Cir. 1940)).

This Court finds that the plaintiff has no cause of action against the N&D parties for declaratory judgment because the N&D parties are not insurance companies and they cannot indemnify and/or defend the plaintiff. The plaintiff argues that if it is successful on this civil action, it may limit the N&D parties recovery under that same policy (emphasis added). The plaintiff does not request any declaratory relief against the N&D parties nor has it provided any evidence of any relief sought.

This Court finds that there is no actual controversy between the plaintiff and the N&D parties. The claim is for a declaration of insurance coverage. The relief sought by the plaintiff is against the insurance companies to indemnify and/or defend the

plaintiff in the underlying Mey civil action. The N&D parties cannot be liable to the plaintiff because they cannot indemnify and/or defend the plaintiff; thus, there is no cause of action against the N&D parties.

  b. <u>Breach of Contract</u>

There is also no relief sought against the N&D parties for breach of contract. There is no alleged contract between the plaintiff and the N&D parties. In fact, the N&D parties are not identified in the breach of contract claim. The contract at issue in this civil action is the insurance contracts between the insurance companies and its insured, the plaintiff. There are no allegations or evidence provided that the N&D parties are insurance companies. Accordingly, the plaintiff has no claim action against the N&D parties for breach of contract.

  c. <u>Bad Faith Claim</u>

Bad faith in failure to pay or delay in paying an insured's claim can render it liable under the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-1, <u>et seq</u>. <u>See e.g.</u> <u>Maher v. Continental Cas. Co.</u>, 76 F.3d 535 (4th Cir. 1996).

The bad faith claim is asserted against the insurance companies, St. Paul, National Union, Royal, Royal/SunAlliance, AIU and Cincinnati, for breaching their duty to defend and/or indemnify the plaintiff in violation of the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-1, <u>et seq</u>. As stated above, the

11

N&D parties are not insurance companies and cannot be liable to the plaintiff. See e.g. Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)(noting that the recovery test asks this question: whether there is any possibility that plaintiff can establish liability against the party in question). As stated, supra, Part IV.B.1.a., the N&D parties cannot indemnify and/or defend the plaintiff under an insurance policy. This Court finds that there is no cause of action or relief sought against the N&D parties for bad faith.

In sum, this Court finds that the N&D parties were fraudulently joined in this civil action.

2. Defendant Mey

National Union argues that Mey should be realigned as a plaintiff because her interests coincide with the plaintiff since both are seeking insurance coverage for the damages alleged in the action pending in state court.

This Court finds that there is no need to determine whether Mey is a plaintiff or defendant for diversity of citizenship. Whether Mey is a plaintiff or defendant does not matter because there is diversity among the parties. Mey is a West Virginia resident and there is no other plaintiff or defendant who is a West Virginia resident. Thus, Mey could be either a plaintiff or defendant for purposes of determining diversity of jurisdiction.

C. <u>Consent to Removal</u>

As a general rule, all defendants in an action who may properly join in the notice of removal must so join. If any of the defendants refuses to join in the removal, the action cannot be removed. See <u>Hewitt v. City of Stanton</u>, 798 F.2d 1230, 1232 (9th Cir. 1986); <u>Doe v. Kerwood</u>, 969 F.2d 165, 167 (5th Cir. 1992).

There are exceptions to the general rule that all defendants must join in the removal. Formal or nominal parties are not required to join in or consent to the removal. See e.g. <u>Means v. G&C Towing, Inc.</u>, 623 F. Supp. 1244, 1245 (S.D. W. Va. 1986). Nominal or formal parties are parties who do not have a significant interest in the outcome of the litigation. <u>Martin Sales & Processing, Inc. v. West Virginia Dep't of Energy</u>, 815 F. Supp. 940, 942 (S.D. W. Va. 1993). Further, parties that are aligned in interest with the plaintiff are not required to join or consent to the removal. <u>Smilgin v. New York Life Ins. Co.</u>, 854 F. Supp. 464 (Tex. 1994).

National Union, St. Paul, Royal, Royal/SunAlliance, AIU and Cincinnati argue that Mey is improperly aligned as a defendant because there is no cause of action alleged against her. (Notice of Removal ¶ 14.) Specifically, National Union, St. Paul, Royal, Royal/SunAlliance, AIU and Cincinnati state that Mey's interests coincide with the plaintiff because both are seeking insurance coverage for the damages alleged in the class action.

This Court finds that if Mey is realigned as a plaintiff, it is not necessary for her to consent to the removal. See Smilqin, 854 F. Supp. at 464 (holding that an insurer was an intervening plaintiff not co-defendant and the defendant's burden of obtaining the realigned party's consent was removed). Even if Mey is considered a defendant in this civil action, this Court finds that she is a nominal party. The real defendants are the parties being requested to indemnify and/or defend the plaintiff and provide damages for breach of contract and bad faith pursuant to the insurance contracts. The nominal parties are the parties that could possibly benefit from the declaratory judgment because a judgment from this Court could limit the recovery from the plaintiff and its insurance carriers. The plaintiff's complaint does not seek insurance coverage from Mey. The plaintiff is also not seeking to recover damages from Mey on either breach of contract or bad faith claim.

Since Mey is a nominal party and does not have a significant interest in this particular civil action, her consent is not required for removal. This Court also found above that the N&D parties were fraudulently joined and, thus, their consent to removal is not required.

Therefore, this Court finds that (1) the N&D parties were fraudulently joined; (2) for jurisdictional purposes, Mey is either realigned as a plaintiff or is a nominal party; (3) there is

14

diversity of citizenship among the properly joined parties; and (4) St. Paul, National Union, Royal, Royal/SunAlliance, AIU and Cincinnati properly removed this civil action.[3]

V. Conclusion

For the foregoing reasons, this Court is satisfied that there is diversity of citizenship and all proper defendants consented to the removal. Accordingly, plaintiff Herbalife International, Inc.'s motion to remand is DENIED.[4]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 30, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Royal/Sun Alliance was voluntarily dismissed from this civil action on May 2, 2005. However, this Court notes that it did properly consent to removal of this action.

[4] Defendant Diana Mey filed her response to the plaintiff's motion to remand as a separate motion. This Court treats this as a response to plaintiff's motion to remand. Insofar as this is a motion to remand, the motion is denied.