IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HERBALIFE INTERNATIONAL, INC.,

    Plaintiff,

v.   Civil Action No. 5:05CV41
                                                    (STAMP)
ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
ROYAL INSURANCE COMPANY OF AMERICA,
ROYAL & SUNALLIANCE USA, INC.,
AIU INSURANCE COMPANY,
CINCINNATI INSURANCE COMPANY,
N&D ENTERPRISES, INC.,
DIANA MEY, individually and, purportedly, on
behalf of a class of all persons and entities
similarly situated, NANCY WILLIS and DANA KNAPP,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART
DEFENDANT, CINCINNATI INSURANCE COMPANY'S
MOTION TO STAY MAGISTRATE JUDGE SEIBERT'S
AUGUST 16, 2006 ORDER OF THE COURT AND
STAYING MAGISTRATE JUDGE SEIBERT'S
AUGUST 16, 2006 ORDER UNTIL SEPTEMBER 15, 2006
AS TO CINCINNATI INSURANCE COMPANY**

I.  Procedural History

On July 5, 2006, the plaintiff, Herbalife International, Inc., filed a motion to compel the defendants, St. Paul Fire and Marine Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Royal Indemnity Company, AIU Insurance Company and Cincinnati Insurance, to fully respond to the plaintiff's first set of requests for production and to produce all documents in response thereto. The plaintiff asserted that these documents fit into one

of three categories that are relevant to the plaintiff's declaratory judgment claims, these include: (1) claims handling files and materials relating to the underlying Mey litigation; (2) the underwriting materials relating to the insurance policies issued by the defendants; and (3) interpretative materials regarding key policy provisions and coverage for advertising injury or Telephone Consumer Protection Act claims. On July 11, 2006, this Court entered an order referring the plaintiff's motion to compel to United States Magistrate Judge James E. Seibert. That day, the magistrate judge entered an order which stated, in part, that:[1]

. . .

> Seven days prior to the hearing, counsel for defendants filing general objections shall file a pleading listing all federal cases which hold that general objections to discovery are permissible under the Federal Rules of Civil Procedure.
>
> Seven days prior to the hearing, counsel for defendants who claim any materials were subject to the attorney-client privilege or work product doctrine shall file a detailed Bates stamped privilege log as required by the Local Rules of Civil Procedure for each document claimed to be subject to the attorney-client privilege or work product doctrine and provide the court with a Bates stamped copy of each document corresponding to the privilege log for [an] in camera review. Each portion of each document which defendants claim to be attorney-client privileged shall be highlighted in yellow. Each

---

[1]On August 16, 2006, National Union Fire Insurance Company of Pittsburgh, PA and AIU Insurance Company filed objections to the magistrate judge's August 2, 2006 order. This Court will rule upon these objections in a separate order.

portion of each document which defendants claim to be work product doctrine shall be highlighted in green.

Seven days prior to the hearing, defendants filing objections shall file a pleading providing federal case authority that supports each objection asserted for which no authority was provided in the objection.

(emphasis omitted)

On July 21, 2006, Cincinnati Insurance Company filed a response in opposition to the plaintiff's motion to compel. In its response, Cincinnati Insurance Company asserted that it "did not assert general objections to Plaintiff's First Set of Requests for Production of Documents" and "the identified documents are not at issue and are not requested to be submitted to the Court for examination." (Def. Cincinnati Ins. Co.'s Resp. ¶ II, ¶ III at 6, July 21, 2006.)

On July 28, 2006, Magistrate Judge Seibert held a hearing on the plaintiff's motion to compel, following which the magistrate judge entered an order on August 2, 2006 confirming his pronounced order made at the hearing. The order stated, in pertinent part, that:

. . .

4. Defendant Cincinnati Insurance Company is directed to file a pleading listing all federal cases supporting its position that its objections to Request No. 2 are not general objections and are, therefore, permissible under the Federal Rules of Civil Procedure. Defendant Cincinnati Insurance Company is further directed to list all federal cases supporting its position that Request No. 2 is not reasonably calculated to lead to the discovery of admissible evidence at the time of trial.

> 5. Defendant Cincinnati Insurance Company is ordered to provide the Court with a privilege log describing all documents claimed to be subject to the attorney-client privilege or work product doctrine. Simultaneously with the filing of the log and the service of the log on Plaintiff's counsel, Defendant Cincinnati Insurance Company is ordered to provide copies of said documents to the Court for its <u>in camera</u> review on or before 5:00 p.m., August 4, 2006.

On August 4, 2006, Magistrate Judge Seibert granted Cincinnati Insurance Company's expedited motion for an extension of time within which to comply with the Court's order confirming pronounced order of the Court and ordered that Cincinnati Insurance Company shall "complete discovery by August 11, 2006."[2] (Mag. J. Paperless Order, Aug. 4, 2006.) Also on that day, Cincinnati Insurance Company filed a response to the magistrate judge's August 2, 2006 order contending that its objections to Request No. 2 are not general objections and that it is unable to report any federal cases that find that the assertion of relevance does not constitute a general objection. Cincinnati Insurance Company stated that it is unable to report any federal cases that find that the assertion of the attorney-client privilege does not constitute a general objection. Cincinnati Insurance Company also stated that it is unable to find any federal cases that hold that the work product doctrine does not constitute a general objection. Finally,

---

[2]Based upon its motion, Cincinnati Insurance Company requested an extension to file the documents at issue for an <u>in camera</u> review which was ordered by the magistrate judge in his "Order Confirming Pronounced Order of the Court."

Cincinnati Insurance Company requested "an in camera review by the Court" and provided two federal cases involving instances when courts determined that the claim files of other "insureds" were not reasonably calculated to lead to the discovery of admissible evidence. (Def. Cincinnati Ins. Co.'s Resp. at 3-4, August 4, 2006.)

On August 16, 2006, the magistrate judge entered an order "denying the plaintiff's motion to compel as untimely as to original responses but timely as to the supplemental responses, in the alternative, granting in part and denying in part the plaintiff's motion to compel and finding that the defendants waived all claims of attorney-client privilege and work product doctrine by intentionally and willfully failing to comply with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure." (Mag. J. Order at 1, Aug. 16, 2006.) As ordered by the magistrate judge, Cincinnati Insurance Company is to produce its claims file materials relating to the underlying Mey action within fifteen days of the date of the magistrate judge's order. Thus, under the magistrate judge's order, Cincinnati Insurance Company must produce these documents by August 31, 2006.

On August 30, 2006, Cincinnati Insurance Company filed "Objections to Magistrate Judge Seibert's August 16, 2006 Order of Court" seeking entry of an order reversing the magistrate judge's ruling and a declaration by this Court that Cincinnati Insurance

Company is permitted to assert claims of attorney-client privilege and work product doctrine for information and documents produced in response to the plaintiff's Request for Production of Nos. 2 and 4.[3]  (Def. Cincinnati Ins. Co.'s Objection at 1.)  Later that day, Cincinnati Insurance Company filed a motion to stay Magistrate Judge Seibert's August 16, 2006 order.  Specifically, Cincinnati Insurance Company asks this Court to issue a stay pending resolution by this Court of its objections to the magistrate judge's order so that it is not required to produce information and documents that this Court may ultimately determine are protected by the attorney-client privilege and/or work product doctrine.  To date, the plaintiff has not filed a response to Cincinnati Insurance Company's motion to stay Magistrate Judge Seibert's August 16, 2006 order.[4]

For the reasons set forth below, this Court finds that Cincinnati Insurance Company's motion to stay Magistrate Judge Seibert's August 16, 2006 order is granted for a period of no

---

[3] On August 30, 2006, the plaintiff filed partial objections to the magistrate judge's August 16, 2006 order.  In addition, National Fire Insurance Company of Pittsburgh, PA and AIU Insurance Company, St. Paul Fire and Marine Insurance Company filed separate objections to the magistrate judge's August 16, 2006 order.  On August 31, 2006, N&D Enterprises, Inc., Donna Knapp and Nancy Willis filed a motion to join in the objections filed by Cincinnati Insurance Company.  These objections will be ruled upon by this Court in a separate order.

[4] This Court notes that the plaintiff is not required to file a response to the Cincinnati Insurance Company's motion to stay Magistrate Judge Seibert's August 16, 2006 order.

longer than ten days to provide this Court with the opportunity to review the record and Cincinnati Insurance Company's objections to the magistrate judge's August 16, 2006 order.[5]

## II. Applicable Law

As stated in the magistrate judge's order, "[f]iling of objections does not stay this Order." (Mag. J. Order at 15.) Based upon the magistrate judge's order, Cincinnati Insurance Company filed a motion to stay Magistrate Judge Seibert's August 16, 2006 order.

A motion to stay proceedings is not expressly provided for by the Federal Rules or by statute although a district court has the inherent discretion to recognize such a motion under its general equity powers. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). While recognizing this power, the United States Court of Appeals for the Fourth Circuit has observed that "it is not, however, without limitation." Id. "[P]roper use of this authority," the Court of Appeals explained, "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Id. (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). The party seeking the stay must demonstrate "a clear case of hardship or inequity, if there is even a fair possibility that the stay would damage another party. Gold

---

[5]This Court is aware that there are other motions pending in this civil action. These pending motions will be ruled upon in separate orders.

7

v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1985)(citing Landis, 299 U.S. at 254-55).

### III. Discussion

In its motion to stay, Cincinnati Insurance Company asserts that precluding it from being able to assert the attorney-client privilege and work product doctrine is an extremely harsh sanction that is inappropriate under the circumstances, as the preclusion to assert a privilege will not only adversely impact Cincinnati Insurance Company but will also adversely impact Nancy Willis and Dana Knapp in the underlying Mey action in the Circuit Court of Ohio County, West Virginia. Specifically, Cincinnati Insurance Company asserts that the documents requested in plaintiff's motion to compel, specifically Request for Production Nos. 2 and 4, have not been disclosed during discovery in the underlying state court action and it is necessary that Nancy Willis and Dana Knapp protect these documents so that they can effectively defend their interests in the underlying action.

Cincinnati Insurance Company also contends that several courts have allowed the parties to submit a privilege log following a hearing on a motion to compel or upon considering objections based upon an attorney's assertion that the attorney-client privilege is applicable by citing to Heavin v. Owens-Corning Fiberglas, 204 WL 316072, *7 (D. Kan. 2004) and M.J.S. Janitorial v. Kimco Corp., 2004 WL 2905048, *1 (W.D. Tenn. 2004). Finally, Cincinnati

Insurance Company asserts that the totality of the evidence demonstrates that it did not "willfully and intentionally" violate this Court's rules and/or the order dated July 11, 2006. Thus, Cincinnati Insurance Company requests a stay of the magistrate judge's August 16, 2006 order pending resolution by this Court of Cincinnati Insurance Company's objections to the magistrate judge's order.

This Court finds that Cincinnati Insurance Company has provided justifying circumstances that weigh in its favor more heavily than the potential harm to the plaintiff to justify a stay of Magistrate Judge Seibert's August 16, 2006 order for a limited period of time, specifically, ten days.

This Court notes that Cincinnati Insurance Company has objected to the magistrate judge's order to produce arguably protected materials and depending on this Court's ruling, the documents may be found to be protected by the attorney-client privilege and/or the work product doctrine. This period of stay will provide this Court with the opportunity to review the record and the objections filed by Cincinnati Insurance Company. In addition, the plaintiff will not suffer any unfair prejudice because the stay is for a terminable period and this Court anticipates addressing the objections as soon as possible. The granting of this stay does not, of course, indicate in any way this Court's feelings at this time as to the objections made by

Cincinnati Insurance Company. Accordingly, defendant, Cincinnati Insurance Company's motion to stay Magistrate Judge Seibert's August 16, 2006 order is hereby GRANTED IN PART and Magistrate Judge Seibert's August 16, 2006 order is hereby STAYED until **September 15, 2006** as to Cincinnati Insurance Company.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 5, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE