IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


HERBALIFE INTERNATIONAL, INC.,

     Plaintiff,

v.                                   Civil Action No. 5:05CV41
                                                (STAMP)

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
ROYAL INSURANCE COMPANY OF AMERICA,
ROYAL & SUNALLIANCE USA, INC.,
AIU INSURANCE COMPANY,
CINCINNATI INSURANCE COMPANY,
N&D ENTERPRISES, INC.,
DIANA MEY, individually and, purportedly, on
behalf of a class of all persons and entities
similarly situated, NANCY WILLIS and DANA KNAPP,

     Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING IN PART THE MAGISTRATE JUDGE'S ORDER,
OVERRULING IN PART AND SUSTAINING IN PART
DEFENDANT, CINCINNATI INSURANCE COMPANY'S
OBJECTIONS TO THE MAGISTRATE JUDGE'S
AUGUST 16, 2006 ORDER AND
REMANDING THE PLAINTIFF'S MOTION TO COMPEL
WITH RESPECT TO CINCINNATI INSURANCE
COMPANY TO THE MAGISTRATE JUDGE**

I.  Procedural History

On July 5, 2006, the plaintiff, Herbalife International, Inc.,

filed a motion to compel the defendants, St. Paul Fire and Marine

Insurance Company, National Union Fire Insurance Company of

Pittsburgh, PA, Royal Indemnity Company, AIU Insurance Company and

Cincinnati Insurance Company ("Cincinnati"), to fully respond to

the plaintiff's first set of requests for production of documents

and to produce all documents in response thereto.  The plaintiff

asserted that these documents fit into one of three categories that are relevant to the plaintiff's declaratory judgment claims: (1) claims handling files and materials relating to the underlying Mey litigation; (2) the underwriting materials relating to the insurance policies issued by the defendants; and (3) interpretative materials regarding key policy provisions and coverage for advertising injury or Telephone Consumer Protection Act claims. On July 11, 2006, this Court entered an order referring the plaintiff's motion to compel to United States Magistrate Judge James E. Seibert. That day, the magistrate judge entered an order which scheduled a hearing and then stated, in part, that:[1]

. . .

> Seven days prior to the hearing, counsel for defendants filing general objections shall file a pleading listing all federal cases which hold that general objections to discovery are permissible under the Federal Rules of Civil Procedure.
>
> Seven days prior to the hearing, counsel for defendants who claim any materials were subject to the attorney-client privilege or work product doctrine shall file a detailed Bates stamped privilege log as required by the Local Rules of Civil Procedure for each document claimed to be subject to the attorney-client privilege or work product doctrine and provide the court with a Bates stamped copy of each document corresponding to the privilege log for [an] in camera review. Each portion of each document which defendants claim to be attorney-client privileged shall be highlighted in yellow. Each

---

[1]On August 16, 2006, National Union Fire Insurance Company of Pittsburgh, PA and AIU Insurance Company filed objections to the magistrate judge's August 2, 2006 order. This Court will rule upon these objections in a separate order.

portion of each document which defendants claim to be work product doctrine shall be highlighted in green.

Seven days prior to the hearing, defendants filing objections shall file a pleading providing federal case authority that supports each objection asserted for which no authority was provided in the objection.

(emphasis omitted)

On July 21, 2006, Cincinnati filed a response in opposition to the plaintiff's motion to compel. In its response, Cincinnati asserted that it "did not assert general objections to Plaintiff's First Set of Requests for Production of Documents" and "the identified documents are not at issue and are not requested to be submitted to the Court for examination." (Def. Cincinnati Ins. Co.'s Resp. ¶ II, ¶ III at 6, July 21, 2006.) None of the defendants submitted a detailed Bates-stamped privilege log in compliance with the magistrate judge's July 11, 2006 order.

On July 28, 2006, Magistrate Judge Seibert held a hearing on the plaintiff's motion to compel, following which the magistrate judge entered an order on August 2, 2006 confirming his pronounced order made at the hearing. The order stated, in pertinent part, that:

. . .

4. Defendant Cincinnati Insurance Company is directed to file a pleading listing all federal cases supporting its position that its objections to Request No. 2 are not general objections and are, therefore, permissible under the Federal Rules of Civil Procedure. Defendant Cincinnati Insurance Company is further directed to list all federal cases supporting its position that Request

No. 2 is not reasonably calculated to lead to the discovery of admissible evidence at the time of trial.

5.     Defendant Cincinnati Insurance Company is ordered to provide the Court with a privilege log describing all documents claimed to be subject to the attorney-client privilege or work product doctrine. Simultaneously with the filing of the log and the service of the log on Plaintiff's counsel, Defendant Cincinnati Insurance Company is ordered to provide copies of said documents to the Court for its <u>in camera</u> review on or before 5:00 p.m., August 4, 2006.

On August 4, 2006, Magistrate Judge Seibert granted Cincinnati's expedited motion for an extension of time within which to comply with the Court's order confirming pronounced order of the Court and ordered that Cincinnati shall "complete discovery by August 11, 2006."[2]   (Mag. J.'s Paperless Order, Aug. 4, 2006.) Also on that day, Cincinnati filed a response to the magistrate judge's August 2, 2006 order contending that its objections to the Request for Production of Documents No. 2 are not general objections and that it is unable to report any federal cases that find that the assertion of relevance does not constitute a general objection. Cincinnati also stated that it is unable to report any federal cases that find that the assertion of the attorney-client privilege does not constitute a general objection. Cincinnati further stated that it is unable to find any federal cases that hold that the work product doctrine does not constitute a general

---

[2]Cincinnati later requested an extension to file the documents at issue in Request for Production of Documents Nos. 2 and 4 for an <u>in camera</u> review, which was ordered by the magistrate judge in his "Order Confirming Pronounced Order of the Court."

objection.  Finally, Cincinnati requested "an _in camera_ review by the Court" and provided two federal cases involving instances when courts have determined that the claim files of other "insureds" were not reasonably calculated to lead to the discovery of admissible evidence.  (Def. Cincinnati Ins. Co.'s Resp. at 3-4, Aug. 4, 2006.)  In addition, Cincinnati contends that it submitted, via overnight mail, a privilege log and Bates stamped documents of the coverage litigation file for the declaratory judgment action filed in Ohio state court for an _in camera_ review to be received on that day.

On August 10, 2006, Cincinnati submitted, via overnight mail, a privilege log and Bates stamped documents of the litigation file in the underling _Mey_ action to be received on August 11, 2006 for an _in camera_ review by the magistrate judge.[3]

On August 16, 2006, the magistrate judge entered an order "denying the plaintiff's motion to compel as untimely as to [the] original responses but timely as to the supplemental responses, in the alternative, granting in part and denying in part the plaintiff's motion to compel and finding that all of the defendants waived all claims of attorney-client privilege and work product doctrine by intentionally and willfully failing to comply with the Federal Rules of Civil Procedure and Local Rules of Civil

---

[3]Upon review of the record by this Court, it appears that some of these documents either were not received by the magistrate judge or are not otherwise available to the Court at this time.

Procedure." (Mag. J.'s Order at 1, Aug. 16, 2006.) The magistrate judge ordered Cincinnati to produce its claims file materials relating to the underlying <u>Mey</u> action within fifteen days of the date of the magistrate judge's order.

On August 30, 2006, Cincinnati filed "Objections to Magistrate Judge Seibert's August 16, 2006 Order of Court" seeking entry of an order reversing the magistrate judge's ruling and a declaration by this Court that Cincinnati is permitted to assert claims of attorney-client privilege and work product doctrine for information and documents produced in response to the plaintiff's Request for Production of Documents Nos. 2 and 4.[4] (Def. Cincinnati Ins. Co.'s Objection at 1.) Later that day, Cincinnati filed a motion to stay Magistrate Judge Seibert's August 16, 2006 order, to which the plaintiff did not respond.[5] On September 5, 2006, this Court entered an order granting in part Cincinnati's motion to stay the magistrate judge's August 16, 2006 order until September 15, 2006.

---

[4]On August 30, 2006, the plaintiff filed partial objections to the magistrate judge's August 16, 2006 order. In addition, National Fire Insurance Company of Pittsburgh, PA and AIU Insurance Company, St. Paul Fire and Marine Insurance Company filed separate objections to the magistrate judge's August 16, 2006 order. On August 31, 2006, N&D Enterprises, Inc., Donna Knapp and Nancy Willis filed a motion to join in the objections filed by Cincinnati. These objections will be ruled upon by this Court in a separate order.

[5]This Court notes that the plaintiff was not required to file a response to the Cincinnati's motion to stay Magistrate Judge Seibert's August 16, 2006 order.

On September 13, 2006, this Court extended, <u>sua sponte</u>, the stay until September 22, 2006.

For the reasons set forth below, this Court finds that Cincinnati's objections to Magistrate Judge Seibert's August 16, 2006 order must be sustained in part and overruled in part. Specifically, this Court finds that the magistrate judge must be affirmed with respect to his ruling that the Request for Production of Documents Nos. 2 and 4 are relevant to this case and that Cincinnati, based upon the state of the record, must be sustained with respect to its contention that it timely submitted a privilege log and Bates stamped documents. Accordingly, the plaintiff's motion to compel with respect to the plaintiff's Request for Production of Documents Nos. 2 and 4 from Cincinnati must be remanded to the magistrate judge for a determination of whether these documents are privileged.[6]

## II. <u>Applicable Law</u>

Where a district judge has referred a non-dispositive motion to a magistrate judge for disposition, "[t]he district judge to whom the case is assigned shall consider . . . objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P.

---

[6]This Court is aware that there are other motions pending in this civil action. These pending motions will be ruled upon in separate orders.

72(a); see e.g., Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299,

304 (E.D. Va. 2004). The clearly erroneous standard means:

> [A] court reviewing a magistrate judge's order should not
> ask whether the finding is the best or only conclusion
> that can be drawn from the evidence. Further, this
> standard does not permit the reviewing court to
> substitute its own conclusion for that of the magistrate
> judge. Rather, the clearly erroneous standard only
> requires the reviewing court to determine if there is any
> evidence to support the magistrate judge's finding and
> that the finding was reasonable.

Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75

F. Supp. 2d 835, 839 (W.D. Tenn. 1999), accord, Neighborhood

Development Collaborative v. Murphy, 233 F.R.D. 436, 440 (D. Md.

2005)(citing Tri-Star). In other words, "the magistrate judge's

order must be affirmed unless, after review of the entire record,

the reviewing court is left with the definite and firm conviction

that a mistake has been committed." Giganti, 222 F.R.D. at 305

(citation and internal punctuation omitted).

## III. Discussion

In its motion to compel, the plaintiff seeks information

relating to the defendants' practices with respect to coverage

claims arising out of the Telephone Consumer Protection Act

lawsuits. With respect to Cincinnati, the plaintiff requests the

documents maintained for the underlying Mey lawsuit and the

litigation claim file maintained for the declaratory judgment

action filed against N&D Enterprises, Inc. in the Court of Common

Pleas of Franklin County, Ohio. (Req. for Produc. of Docs. Nos. 2

and 4.) Cincinnati argued that the requested information was irrelevant, was not reasonably calculated to lead to the discovery of admissible evidence at trial, would intrude on the confidentiality interests of non-parties to this action and would implicate the attorney-client privilege and work product doctrine.

The magistrate judge found that the plaintiff's motion to compel as to the original responses was untimely filed and only the motion to compel as to the supplemental responses are timely. In addition, the magistrate judge found that the requested information is relevant to whether the Telephone Consumer Protection Act claims asserted against the plaintiff are covered under Cincinnati's policy.

In its objections to the magistrate judge's order, Cincinnati contends that it timely submitted a privilege log and Bates stamped documents by August 11, 2006. Thus, Cincinnati asserts that it did not waive any privileges under the attorney-client privilege and work product doctrine.

This Court finds that Cincinnati timely submitted its privilege log and Bates-stamped documents in accordance with the August 1, 2006 order[7] and that the information requested in the plaintiff's motion to compel is relevant to this civil action.

A.   Timely Production of Privilege Log

_____

[7]The magistrate judge signed the order on August 1, 2006. However, the Clerk's Office did not file the order until August 2, 2006.

Failure to timely produce a privilege log or the production of an inadequate privilege log may constitute a waiver of any asserted privileges.  Atteberry v. Longmont United Hosp., 221 F.R.D. 644, 649 (D. Colo. 2004).  However, some courts have held that the waiver of a privilege extends only to those cases in which the offending party committed unjustified dely, inexcusable conduct or bad faith in responding to discovery.  See Kovacs v. Hershey Co., 2006 WL 1980291 (D. Colo July 13, 2006)(slip op.).

The magistrate judge found that Cincinnati had failed to timely submit its privilege log and Bates stamped documents.  In its objections, Cincinnati asserts that it filed a privilege log and Bates stamped documents in accordance with Magistrate Judge Seibert's August 1, 2006 order and extension thereof.  Cincinnati further states that the magistrate judge did not acknowledge that Cincinnati complied with the August 1, 2006 order, and instead, Cincinnati asserts that the magistrate judge wrongly focused on the fact that Cincinnati failed to comply with the July 11, 2006 order.  Cincinnati contends that it did not waive its right to assert the attorney-client privilege and work product doctrine because it complied with the magistrate judge's August 1, 2006 order and extension thereof, which allowed Cincinnati to provide its documents by August 11, 2006.

This Court finds that Cincinnati was ordered by the magistrate judge to file its privilege log and documents by August 11, 2006

and the Court finds that, under the circumstances, Cincinnati complied with this order. It appears that a number of the documents are not in the court record. For purposes of this ruling, this Court will find that defendant Cincinnati has complied with the order and give defendant Cincinnati the benefit of the doubt that the documents were filed but are simply not in the Court's records at this time.

It is uncontroverted that on August 3, 2006, Cincinnati submitted, via overnight mail, a privilege log and Bates stamped documents of the coverage litigation file for the declaratory judgment action filed in Ohio state court, for an <u>in camera</u> review by the magistrate judge. It is also uncontroverted that on August 10, 2006, Cincinnati submitted, via overnight mail, a privilege log and Bates stamped documents of the litigation file maintained for the defense of Nancy Willis and Dana Knapp in the underlying <u>Mey</u> lawsuit, for an <u>in camera</u> review by the magistrate judge.

The magistrate judge's order noted that Cincinnati did not comply with the magistrate judge's July 11, 2006 order, however, the order does not state that Cincinnati provided a privilege log within the time provided by the magistrate judge's order dated August 1, 2006, and the extension thereof, which granted Cincinnati until August 11, 2006, to file its privilege log.

Based upon the facts above, this Court finds that Cincinnati timely submitted its privilege log and Bates stamped documents of

all information at issue in the plaintiff's Request for Production of Documents Nos. 2 and 4 by August 11, 2006. Accordingly, Cincinnati did not waive any privileges under the attorney-client privilege and work product doctrine because Cincinnati timely provided a privilege log and Bates stamped documents for an <u>in camera</u> review.

B.  <u>Relevancy</u>

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of relevant, nonprivileged matter that is reasonably calculated to lead to the discovery of admissible evidence.  Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Courts also have construed Federal Rule of Civil Procedure 26(b)(1) liberally, creating "a broad vista for discovery which would encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  <u>Nestle Foods Corp. v. Aetna Cas. and Sur. Co.</u>, 135 F.R.D. 101, 104 (D.N.J. 1990).  Moreover, the question of relevancy is to be more loosely construed at the discovery stage than at the trial.  <u>Leksi v. Federal Ins. Co.</u>, 129 F.R.D. 99, 104 (D.N.J. 1989)(citing 8 Wright & Miller, <u>Federal Practice and Procedure</u> § 2007-2008.)

When, as in this case, discovery is contested, "[t]he party resisting discovery has the burden of clarifying, explaining and supporting its objections." Id. at 104-105. (citations omitted). Once this burden has been met, the burden shifts to the discovering party to show that the information sought is relevant to the subject matter of the present civil action.

The magistrate judge found that Cincinnati's claim file relating to the underlying Mey action and litigation file for the declaratory judgment action filed in Ohio state court may lead to relevant evidence in this case. In its objections to the magistrate judge's order, Cincinnati does not state an objection to the magistrate judge's determination that the documents are relevant to this civil action.

This Court finds that the disclosure of information in accordance with the plaintiff's Request for Production of Documents Nos. 2 and 4 is relevant and is reasonably calculated to lead to the discovery of admissible evidence at trial.

In this civil action, the plaintiff seeks information from St. Paul Fire and Marine Insurance Company, Union Fire Insurance Company of Pittsburgh, PA, AIU Insurance Company and Cincinnati Insurance Company relating to the interpretation of the duty to defend and the duty to indemnify in the context of similar claims arising out of the Telephone Consumer Protection Act. This Court finds that the requested information is relevant to whether the

13

Telephone Consumer Protection Act claims asserted against the plaintiff are covered under Cincinnati's policy. Thus, Cincinnati's claim files may lead to relevant evidence. Moreover, this Court finds that the confidential information sought is sufficiently relevant and necessary to this civil action to outweigh any harm disclosure could cause. See United States v. R. Enterprises, Inc., 498 U.S. 292, 306 n.4 (1991)(citing Litton Indus., Inc. v. Chesapeake & Ohio R. Co., 129 F.R.D. 528, 530 (E.D. Wis. 1990)("If it is established that confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause.").

This Court finds that the plaintiff has established that the information is relevant to its case. Accordingly, this Court finds that the magistrate judge correctly determined that the information requested in plaintiff's Request for Production of Documents Nos. 2 and 4 are relevant to this civil action.

## IV. Conclusion

For the reasons stated above, Magistrate Judge Seibert's order dated August 16, 2006 is AFFIRMED IN PART and the defendant, Cincinnati Insurance Company's objections to Magistrate Judge Seibert's August 16, 2006 order are hereby SUSTAINED IN PART and OVERRULED IN PART. The magistrate judge's order is AFFIRMED with

respect to his ruling that the Request for Production of Documents Nos. 2 and 4 are relevant to this civil action and Cincinnati Insurance Company's objections are SUSTAINED with respect to the submission of its privilege log because, for the reasons stated above, this Court will assume that it was timely submitted. Accordingly, the plaintiff's motion to compel with respect to the plaintiff's Request for Production of Documents Nos. 2 and 4 from Cincinnati Insurance Company must be remanded to the magistrate judge for a determination of whether these documents are privileged.

The defendant, Cincinnati Insurance Company shall, on or before **5:00 p.m. on October 2, 2006**, comply with Local Rule 26.04, which states, in part, that:

. . .

(2)  Claims of Privilege.

   (A)  Where a claim of privilege is asserted in objecting to any means of discovery including, but not limited to, a deposition, and an answer is not provided on the basis of such assertion:

      (i)  The attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify [that] the attorney had reviewed each document for which privilege is asserted; and

      (ii) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(I)  For documents: (1) the type of document, _e.g._, letter or memorandum; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

In addition, the defendant, Cincinnati Insurance Company is ORDERED to again provide the Court with a privilege log describing all of the documents claimed to be subject to the attorney-client privilege or work product doctrine.  Simultaneously with the filing of the privilege log, Cincinnati Insurance Company shall again provide indexed, tabbed and Bates-stamped copies of all said documents, with no exceptions, to the Court for an in camera review on or before **5:00 p.m., October 2, 2006**.  Each portion of each document which Cincinnati Insurance Company claims to be attorney-client privileged shall be highlighted in yellow.  Each portion of each document which Cincinnati Insurance Company claims to be work product doctrine shall be highlighted in green.  In this way, the Court will be certain that a complete record has been provided for the purpose of determining to which documents the attorney-client or work product privilege exists.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

16

DATED:        September 21, 2006


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE